**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 26-32229 |
| | ) | |
| TRIVISTA OIL CO., LLC, *et al.*, | ) | Chapter 11 Subchapter |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**CREDITOR FORT APACHE ENERGY LLC'S MOTION TO CONVERT CASES TO CHAPTER 7**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU OPPOSE THIS MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 16, 2026 AT 11:00 A.M. (CENTRAL TIME) IN COURTROOM 403, 4TH FLOOR UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Fort Apache Energy Inc. (the "Creditor"), by and through undersigned counsel, hereby files this Motion to Convert the debtors' chapter 11 cases to chapter 7 (the "Motion") and in support of the requested relief would represent as follows:

**JURISDICTION & VENUE**

---

[1] The Debtors in these chapter 11, subchapter V cases are Trivista Oil Co., LLC and Trivista Operating LLC.

1.      This Court has jurisdiction over these matters pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue in this district is proper pursuant to 28 U.S.C. § 1408 and 1409.

## II.      BACKGROUND

3.      The debtors commenced this bankruptcy case by filing voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and elected to proceed under subchapter V of chapter 11 on April 2, 2026 (the "Petition Date").

4.      The debtors are Texas oil and gas producers.

5.      On April 7, 2026, the Office of the United States Trustee for Region 7 appointed Tom Howley as the Subchapter V Trustee in this case [Docket #31].

6.      On May 15, 2026, the debtors filed their respective Summary of Assets and Liability for Non-Individuals (Official Form 206Sum) at dockets no. 89 and 90.

7.      In their summaries of assets and liabilities, the debtors listed interests in numerous oil and gas leases in Bastrop County.

## III.      RELIEF REQUESTED

8.      Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interest of creditors and of the estate, so long as the movant establishes "cause." See 11 U.S.C. § 1112(b)(1). For purposes of conversion or dismissal of a Chapter 11 case, cause includes, but is not limited to, substantial or continuing loss of diminution of the estate and the absence of a reasonable likelihood of rehabilitation, gross mismanagement of the estate, or failure to maintain appropriate insurance that poses a risk to the estate or to the public.

9.      Here, allowing the debtors to remain in the case poses a significant risk to creditors as additional time, resources, and expenses are being expended on the case without a reasonable likelihood of rehabilitation. Specifically, the oil and gas leases debtors assert an interest in have terminated due to a cessation in production. Without valid oil and gas leases in place, debtors have little to no assets to successfully reorganize. As such, it is in the best interest of creditors for the case to be converted to Chapter 7 and have what little assets remain distributed amongst debtors' creditors.

10.      Additionally, prior to the filing of the cases, debtors exhibited gross mismanagement of the estate by failing to submit the required production reports necessary to maintain the oil and gas leases they assert an interest in.

11.      Lastly, in addition to having little to no assets and failing to submit the required reports, debtors have stated that they will likely be without insurance for a period of time based on not getting the DIP loan approved. Due to the nature of Debtors' operations and the high-hazard nature of oil and gas production generally,  a lack of insurance poses a risk not only to the estate, but to the public was well. In addition to the risk posed by a lack of insurance, the failure to obtain insurance is sufficient to constitute case for conversion.

**WHEREFORE,** Movant requests that this Court enter an order converting the case to Chapter 7, and for all further relief as is just.

Dated: May 18, 2026

Respectfully submitted,

**TRAN SINGH LLP**

By:   */s/Brendon Singh*
Susan Tran Adams | TBN: 24075648
Brendon Singh | TBN: 24075646
Marissa Ellison | TBN: 24147778
2502 La Branch St
Houston TX 77004

Ph: (832) 975-7300
Fax: (832) 975-7301
BSingh@ts-llp.com

Counsel for Fort Apache Energy Inc.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion was served upon all parties receiving electronic notifications through the Court's CM/ECF system.

/ s/Brendon Singh
Brendon Singh